UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
SUET WAN CHIU a/k/a SHIRLEY CHIU,

                 Plaintiff,                              **COMPLAINT**

        -against-                        **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK, P.O. THOMAS RAFFERTY
(Tax Reg#952139), P.O. SEAN HOLOHAN (Tax Reg#950595),
P.O. MATTHEW GANUN, (Tax Reg#950464), SERGEANT
EDWARD SONG (Tax Reg#920857) and JOHN DOE,
POLICE OFFICERS NAMES UNKNOWN,

                 Defendants.
------------------------------------------------------------------------x

      The Plaintiff, Suet Wan Chiu a/k/a Shirley Chu, by and through her Attorneys, Addabbo & Greenberg by Todd D. Greenberg, Esq., complaining of the defendants, jointly and severally respectfully allege, upon Information and belief, as follows:

## **PRELIMINARY STATEMENT**

1.     Plaintiff, Suet Wan Chiu a/k/a Shirley Chiu (hereinafter "Chiu") brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S. §1983 and 42 U.S. §1988 for violations of her civil rights, as said rights are secured by said Statutes and the Constitutions of the State of New York and the United States. Plaintiffs also assert Supplemental State Law claim.

## **JURISDICTION**

2.     This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.  Venue is properly laid in the Eastern District of New York under 28 U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.  Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.  Plaintiff "Chiu" is a citizen of the United States, and at all relevant times a resident of the County of Queens, City and State of New York.

7.  Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.  Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned corporation, City of New York.

9.  That at all times herein mentioned, the individual named defendants, Police Officer Thomas Rafferty, Police Officer Sean Holohan, Police Officer Matthew Ganun, Sergeant Edward Song and Police Officer "John Doe" ("City Defendants"), were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the aforementioned defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or

City of New York.

11. Each and all acts of the City Defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

13. The City Defendants are sued in their individual and official capacities.

## FACTS

14. On May 11, 2015, Plaintiff Chiu was arrested and charged pursuant to New York State Penal Laws with Reckless Endangerment in the Second Degree (PL §120.20), Criminal Mischief Fourth Degree (Penal Law §145.00) and pursuant to New York State Vehicle and Traffic Law with Reckless Driving (VTL §1212) and Leaving the Scene of an Accident without Reporting/Personal Injury/Misdemeanor (VTL §600.2-A).

15. The Criminal Court Complaint set forth the following allegations:

   a. That "Chiu", while operating a Toyota Mini Van, drove around a vehicle that was stopped and struck a police officer's radio motor patrol vehicle.

   b. That Chiu drove off and fled the scene of the accident at a high rate of speed striking other vehicles.

   c. That Police Officer Holohan and Police Officer Matthew Ganun both received injuries from the accident.

   d. That Chiu had no permission or authority to damage said vehicle.

16. Significantly and purposely left out of the Criminal Court Complaint was the fact that Plaintiff Shirley Chiu had a steady green light and that the police radio motor patrol vehicle proceeded on a steady red light.

2

17. On May 11, 2015, Plaintiff Shirley Chiu, a local business woman, was photographed in handcuffs, sitting on the sidewalk, in police custody, which photograph was published in local Chinese newspapers.

18. The false allegations by the police caused Plaintiff Chiu to be taken before a Judge in the Criminal Court of the City of New York for and arraignment where she was held in intolerable condition, wherein she was released on her own recognizance.

19. Thereafter, Plaintiff was forced to appear in Criminal Court, City of New York on June 18, 2015, September 5, 2015, November 2, 2015, November 30, 2015, January 28, 2016 and February 10, 2016. Further, Plaintiff Chiu had her driving privileges revoked on May 11, 2015.

20. On January 28, 2016 a trial commenced in Criminal Court, City of New York, County of Queens.

21. The opening statement of the District Attorney, based upon information supplied by the above mentioned police officers, contained the following statements:

    a. "There are procedures in place that keep everyone safe on the road."

    b. "The Defendant could not be bothered to wait and follow these precautions."

    c. "There has to be limits and there are procedures that motorists must follow when the police are responding to emergency situations, but Ms. Chiu couldn't be bothered to wait."

    d. "Officer Holohan followed proper police procedure and braked at each intersection along the way looking left and looking right, making sure that the intersection was clear and safe."

    e. "The Defendant went around the cars that were following the law because she couldn't wait and as soon as she drove into the intersection, she slammed into

      the side of the police vehicle."

  f. "Again, Ms. Chiu couldn't wait. Right after she struck the police vehicle, Ms. Chiu quickly turned her vehicle, made a sharp right turn and sped away at approximately forty (40) miles an hour."

  g. "That the Defendant struck the RMP and fled at a high rate of speed striking three (3) other vehicles."

  22. At the trial of this action, Defendant Police Officer Holohan testified that he was proceeding to an emergency, that when he reached the location of the accident (corner of 37th Avenue and Main Street, Flushing, NY) his traffic signal was red and that he took red light precautions that he learned in training by going three (3) to four (4) miles an hour with lights and sirens on.

  23. Police Officer Matthew Ganun testified that he saw Plaintiff Chiu's vehicle stop and then "take-off".

  24. Police Officer Matthew Ganun testified that in his memo book there was an entry "RMP Operator [Police Officer Holohan] unaware of color of light".

  25. At the Criminal Court Trial, the Defense in its opening statement pointed out that the Assistant District Attorney left out of her opening statement that Plaintiff Chiu had a steady green light, that Plaintiff Chiu was proceeding at a normal speed pursuant to that green light, that she did not see or hear the police vehicle and that after she hit the police car, her car careened out of control hitting the other vehicles.

  26. On January 28, 2016, the criminal case adjourned for a continuation of the criminal trial wherein the Assistant District Attorney was going to call civilian witnesses who were struck by the "Chiu" vehicle after the initial impact with the police vehicle.

27. On February 10, 2016, the next scheduled date, the District Attorney stated to the Court that the People were dismissing the case.

28. On February 10, 2016, the District Attorney turned over to the defense a "Collision Report – Police Department Vehicle" which said, in part, that the "department vehicle operator failed to come to a full stop and did proceed through a steady red light contributing to accident".

29. Further, that document stated under "Board recommendation" that "Department operator is at fault for failing to obey steady red light. Grounded fifteen (15) days."

30. Despite the fact that the police vehicle caused this accident, the Defendants falsely arrested and protested and charged Plaintiff Chiu with Reckless Endangerment in the Second Degree, Criminal Mischief in the Fourth Degree, Reckless Driving and Leaving the Scene of an Accident, to cover up the improper conduct of Police Officer Holohan in failing to follow police emergency regulations and causing a serious accident.

## FEDERAL CLAIMS

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights under 42 U.S.C. § 1983)

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "30" with the same force and effect as if fully set forth herein.

32. All of the aforementioned acts of defendants, their agents, servants and employee were carried out under the color of state law.

33. All of the aforementioned acts deprived Plaintiff Shirley Chiu of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of U.S.C. 1983.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and/or while acting as agents of the city of New York, with the entire actual and/or apparent authority attendant thereto.

35. The acts of complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

36. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Deprivation of Rights under 42 U.S.C. § 1983;
False Arrest under 42 U.S.C. §19832)

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "36" with the same force and effect as if fully set forth herein.

38. As a result of the aforesaid conduct by defendants, Plaintiff Chiu was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

39. As a result of the foregoing, Plaintiff Shirley Chiu's liberty was restricted for an extended period of time, she was put in fear of her safety, and she was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

**AS AND FOR A THIRD CAUSE OF ACTION**
( Malicious Prosecution under 42 U.S.C.§1983)
Deprivation of Rights under 42 U.S.C. § 1983)

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs "1" through "39" with the same force and effect as if fully set forth herein.

41. Defendants misrepresented and falsified evidence in the Criminal Court Complaint and under oath in Court.

42. Defendants did not make a complete and full statement of facts to the District Attorney.

43. Defendants withheld exculpatory evidence from the District Attorney.

44. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff.

45. Defendants lacked probable cause to initiate criminal proceedings against Plaintiff Shirley Chiu.

46. Defendants acted with malice in initiating criminal proceedings against Plaintiff Shirley Chiu by bringing false criminal charges to cover up fact that police caused accident.

47. Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff Shirley Chiu.

48. Notwithstanding the conduct of defendants, the criminal proceedings were terminated in Plaintiff Shirley Chiu's favor on February 10, 2016, when all charges were dismissed.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Conspiracy under 42 U.S.C. §1985)

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "48" with the same force and effect as if fully set forth herein.

50. Defendants conspired to deprive Plaintiff of the aforementioned constitutional rights.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983)

51. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "50" with the same force and effect as if fully set forth herein.

52. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

53. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included but were not limited to failing to properly handle emergency calls when approaching steady red lights in failing to train officers. In addition the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of Plaintiff Chiu's rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified , and has been deliberately indifferent to, the acts and conduct complained herein.

54. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiff Shirley Chiu.

55. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiff Shirley Chiu as alleged herein.

56. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department were the moving force behind the

constitutional violations suffered by Plaintiff Shirley Chiu as alleged herein.

57. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department, Plaintiff Shirley Chiu was unlawfully arrested, detained, incarcerated, and subjected to physical restraints and maliciously prosecuted.

58. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating Plaintiff Shirley Chiu's constitutional rights.

59. All of the foregoing acts by defendants deprived Plaintiff Shirley Chiu of federally protected rights, including, but not limited to, the right:

   a. not to be deprived of liberty without due process of law;

   b. to be free from seizure and arrest not based upon probable cause;

   c. to be free from unwarranted and malicious criminal prosecution;

   d. to be free from malicious abuse of process;

   e. to be free from conspiracy between law enforcement and private citizens that result in the violation of federally protected rights, privileges and immunities.

60. As a result of the foregoing, Plaintiff Shirley Chiu is entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## PENDANT STATE LAW CLAIMS

61. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "60" with the same force and effect as more fully set forth herein.

62. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

63. The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

64. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

65. Plaintiff has complied with all conditions precedent to maintaining the instant action.

66. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A SIXTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

67. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68. Defendants arrested Plaintiff Shirley Chiu in the absence of probable cause and without a warrant.

69. As a result of the aforesaid conduct by defendants, Plaintiff Shirley Chiu was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings.

70. The aforesaid actions by the defendants constituted a deprivation of plaintiff Shirley Chiu's rights.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Unlawful Imprisonment under the laws of the State of New York)

71. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72. As a result of the foregoing, Plaintiff Shirley Chiu was falsely imprisoned, her liberty was restricted for an extended period of time, and he was humiliated and subjected to handcuffing and other physical restrain.

73. Plaintiff Shirley Chiu was conscious of said confinement and did not consent to same.

74. The conferment of Plaintiff Shirley Chiu was without probable cause and was not otherwise privileged.

75. As a result of the aforementioned conduct, Plaintiff Chiu has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

76. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77. Criminal proceedings were commenced and continued against plaintiff Shirley Chiu which falsely and maliciously charged plaintiff with the commission of criminal acts.

78. Defendants, with the consent and participation of one another, continued said proceeding despite the fact they knew or should have known that plaintiff Shirley Chiu had not committed any crimes, that there were no exigent circumstances justifying a warrant less arrest, and that there was no need for arrest and imprisonment of plaintiff.

79. Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiff Shirley Chiu.

80. Defendants lacked probable cause to initiate criminal proceedings against plaintiff Shirley Chiu.

81. Defendants were motivated by actual malice in initiating criminal proceedings against Plaintiff Shirley Chiu.

82. Defendants misrepresented and falsified evidence before the District Attorney.

83. Defendants did not make a complete and full statement of facts to the District Attorney.

84. Defendants withheld exculpatory evidence in the continuation of criminal proceedings against Plaintiff Shirley Chiu.

85. Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff Shirley Chiu.

86. Defendants lacked probable cause to continue criminal proceedings against Plaintiff Shirley Chiu.

87. The conduct of the defendants, the criminal proceedings ended in a favorable termination when all charges against Plaintiff Shirley Chiu were dismissed.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

88. Plaintiff repeats, reiterates and each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89. The aforementioned conduct perpetrated by each of the defendants herein was extreme, outrageous, and exceeded all reasonable bounds of decency.

90. The aforementioned conduct was committed by City Defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

91. The aforementioned conduct was committed by City Defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

92. The aforementioned conduct was intentional and for the sole purpose of causing

severe emotional distress to Plaintiff Shirley Chiu.

93. As a result of the aforementioned conduct, Plaintiff Shirley "Chiu" suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

**AS AND FOR A NINTH ELEVENTH CAUSE OF ACTION**
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

94. Plaintiff repeats, reiterates and each and every allegation contained in paragraphs numbered "1" through "93" with the same force and effect as if fully set forth herein.

95. Upon information and belief, Defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of Plaintiff Shirley Chiu.

96. Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

**AS AND FOR A TENTH CAUSE OF ACTION**
(Negligent Training and Supervision under the laws of the State of New York)

97. Plaintiff repeats, reiterates and each and every allegation contained in paragraphs numbered "1" through "96" with the same force and effect as if fully set forth herein.

98. Upon information and belief the Defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of Plaintiff Shirley Chiu.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION**
(Negligence under the laws of the State of New York)

99. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "98" with the same force and effect as if fully set forth herein.

13

100. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the Defendant City of New York and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

101. That at all times herein mentioned, the Defendant "CITY", owned a certain 2012 Ford motor vehicle bearing a New York license plate number.

102. That at all times herein mentioned, the Defendant "NYPD", owned a certain 2012 Ford motor vehicle bearing a New York license plate number.

103. That at all times mentioned herein, the Defendant, "CITY", controlled and maintained the aforesaid 2012 Ford motor vehicle.

104. That at all times mentioned herein, the Defendant, "NYPD", controlled and maintained the aforesaid 2012 Ford motor vehicle.

105. That at all times mentioned herein, the Defendant, "HOLOHAN", operated and controlled the aforesaid 2012 motor vehicle with the permission, authority, and consent of its owner, Defendant "NYPD".

106. That at all times hereinafter mentioned, the Plaintiff CHIU, operated and controlled a 2006 Toyota motor vehicle bearing a New York license plate.

107. That on May 11, 2015, Main Street at or near its intersection with 37th Avenue were a public road, street, thoroughfare and/or highway in the County of Queens, City and State of New York.

108. That at approximately 2:07 p.m. on Monday, May 11, 2015, the Defendant, "HOLOHAN", was traveling in the aforesaid 2012 Ford motor vehicle, northbound on Main Street at or near its intersection with 37th Avenue, County of Queens, City and State of New York.

109. That at approximately 2:07 p.m. on Monday, May 11, 2015, Plaintiff Chiu, was traveling in the aforesaid 2006 Toyota motor vehicle, westbound on 37th Avenue at or near its intersection with Main Street, County of Queens, City and State of New York.

110. That at approximately 2:07 p.m. on Monday, May 11, 2015, the aforesaid Ford motor vehicle operated by the Defendant, "HOLOHAN" and owned by Defendant "NYCPD", came into contact with the aforesaid 2006 Toyota motor vehicle operated by the Plaintiff Chiu, on the intersection of Main Street and 37th Avenue in the County of Queens, City and State of New York.

111. That as a result of the aforesaid contact the Plaintiff Chiu, was injured.

112. That the aforesaid occurrence was caused wholly and solely by reason of the negligence of the Defendants without any fault or negligence on the part of the Plaintiff contributing thereto.

113. That the above-stated occurrence and the various contacts mentioned herein were caused by the joint, several and/or concurrent negligence of the Defendants and/or said Defendant's agents, servants, employees and/or licensees in the ownership, operation, management, maintenance and control of his said motor vehicle, without any negligence on the part of the Plaintiffs contributing thereto.

114. That the defendants, and/or each of them by and through their agents, servants, and/or employees were negligent, careless and reckless in that they:

    a. caused, allowed and permitted their motor vehicles to collide;

    b. defendants failed to stop at a red light and/or traffic control;

    c. failing to yield the right of way;

    d. in failing to exercise due care and attention as required by the

   New York State Vehicle and Traffic Law Section 1146;

e. operating the aforesaid vehicles in a negligent, reckless, careless, grossly negligent, wanton and inherently reckless manner;

f. in failing to use the brakes in a timely fashion;

g. operating the aforementioned motor vehicles without due regard to the rights and safety of the Plaintiff;

h. operating said motor vehicles in a manner which unreasonably endangered the Plaintiff;

i. in failing to properly steer, guide, manage and control said motor vehicles;

j. operating said motor vehicles at a rate of speed greater than what was reasonable and proper at the time and place of the occurrence;

k. in failing to apply the brakes or slow down or stop in such a manner as would have prevented this occurrence;

l. in failing to make adequate and timely observation of the aforesaid vehicles;

m. negligently, carelessly and recklessly failing an omitting to keep and maintain a proper look-out and failing to be reasonably alert;

n. negligently, carelessly and recklessly failing to observe traffic conditions;

o. negligently, carelessly and reckless failing to observe the rules of the road;

p. negligently, carelessly and reckless failing to give any warning, via the sounding of a horn, before the aforementioned contact at a time when the defendants knew or should have known said contact was imminent;

q. negligently, carelessly and recklessly failed and omitted to make adequate use of braking devices, to avoid the abovementioned contact;

16

    r. negligently, carelessly and recklessly failed to do anything to avoid the above mentioned contact, when defendants knew the contact was imminent;

    s. negligently, carelessly and recklessly failed and omitted to take the proper safety precautions; to see that the herein above described motor vehicles were properly equipped with operational brakes and safety appliances;

    t. negligently, carelessly and recklessly failed to take any precautions or act in any manner whatsoever so as to avoid the aforementioned contact;

    u. operated their motor vehicles in violation of the rules, statutes, regulations and/or ordinances pertaining to the operation of motor vehicles;

    v. in failing to follow police emergency procedures when approaching a red light;

115. That as a result of the aforementioned negligence of the Defendants, Plaintiff, Chiu, sustained severe and permanent personal injuries including left knee tear through the medial meniscus, and she became sick, sore, lame and disabled; suffered injuries to her nervous system; suffered mental anguish, was confined to hospital, bed and home and may, in the future again, be so confined; was incapacitated from attending to her usual duties and vocation and may, in the future, be so incapacitated; will suffer a loss and/or limitation of quality and enjoyment of life; and Plaintiff Chiu, was otherwise damaged.

116. That the Plaintiff, SHERYL CHIU, sustained serious injuries as defined in Subdivision D of Paragraph 5102 of the Insurance Law-Recodification.

117. That the Plaintiff, SHERYL CHIU, sustained serious injuries and economic loss greater than basic economic loss as to satisfy the exceptions of Paragraph 5104 of the Insurance Law.

118. That the Plaintiff SHERYL CHIU is not seeking to recover any damages for which Plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to reimburse Plaintiff.  Plaintiff is only seeking to recover those damages not recoverable through no-fault insurance under the facts and circumstances in this action.

119. That this action falls within one or more of the exemptions set forth in CPLR Section 1602.

120. That by reason of the foregoing, Plaintiff SHERYL CHIU has been damaged in a sum exceeding the jurisdictional limit of all lower courts, which would otherwise have jurisdiction herein.

**AS AND FOR A TWELFTH CAUSE OF ACTION**
(Respondeat Superior liability under the laws of the State of New York)

121. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "119" with the same force and effect as if fully set forth herein.

122. Defendant City of New York is vicariously liable for the acts of its employees and agents, including its officers, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

123. As a result of the foregoing, Plaintiff Shirley Chiu is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, Plaintiff Shirley Chiu demands judgment and prays for the following relief, jointly and severally, against the defendants:

    a. full and fair compensatory damages in an amount to be determined by a jury;

    b. punitive damages in an amount to be determined by a jury;

      c.  reasonable attorney's fees and the costs and disbursements of this action; and

      d.  such other and further relief as appears just and proper

Dated:  Forest Hills, NY
          May 27, 2016

                                        Yours, etc.

                                      /s/Todd D. Greenberg
                                    Todd D. Greenberg, Esq.
                                    ADDABBO & GREENBERG
                                    Attorneys for Plaintiff
                                    SHIRLEY CHIU
                                    118-21 Queens Boulevard
                                    Forest Hills, NY 11375
                                    Tel. No. 718-268-0400